Derin B. Dickerson*
Grace Assaye*
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: 404-881-7000
derin.dickerson@alston.com
grace.assaye@alston.com

*Admitted *pro hac vice*

Attorneys for Defendant Grand Canyon Education Inc.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Meredith Evans, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Grand Canyon Education Inc.<br><br>and<br><br>John Doe Corporation Identified As "Education Advisors,"<br><br>Defendants. | Case No. 2:24-cv-00553-JFM<br><br>**DEFENDANT GRAND CANYON EDUCATION INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**<br><br>Oral Argument Requested |

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 1

II. STANDARD OF REVIEW ................................................................................... 2

III. ARGUMENT ......................................................................................................... 2

    A. Plaintiff's TCPA Claim Fails as a Matter of Law Because GCE Did Not Place the Calls at Issue. ............................................................. 2

    B. Plaintiff's Allegations that Education Advisors Acted as GCE's Agent are Insufficient. .................................................................................. 2

        1. *Plaintiff Does Not Plausibly Allege That Education Advisors Had Actual Authority to Place the Calls at Issue.* ............................................................................................. 3

        2. *Plaintiff Does Not Plausibly Allege that Education Advisors Had Apparent Authority to Place the Calls at Issue.* ............................................................................................. 6

        3. *Plaintiff Fails to Plausibly Allege that GCE Ratified Education Advisors' Conduct.* ..................................................... 8

IV. CONCLUSION ..................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................ 2, 3, 7

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1988) ............................................ 2

*Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003) ........................................................................ 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................................... 2

*CHIS, LLC v. Liberty Mut. Holding Co., Inc.*, 2015 U.S. Dist. LEXIS 90175 (M.D. Ga. July 13, 2015) ............................................................................................................................. 3

*Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir. 2014), *aff'd*, 577 U.S. 153 (2016) ..... 3

*Goodell v. BH Auto., LLC*, 2023 U.S. Dist. LEXIS 54131 (D. Ariz. Mar. 29, 2023) ........... 7, 8

*In re Dish Network*, 28 FCC Rcd. 6574 (2013) ....................................................................... 7

*Jones v. Royal Admin. Servs.*, 887 F.3d 443 (9th Cir. 2018) ........................................... 3, 5, 6

*Kristensen v. Credit Payment Servs.*, 879 F.3d 1010 (9th Cir. 2018) ...................................... 8

*Meeks v. Buffalo Wild Wings, Inc.*, 2018 U.S. Dist. LEXIS 52328 (N.D. Cal. March 28, 2018) ................................................................................................................................... 3

*Melito v. Am. Eagles Outfitters, Inc.*, 2015 U.S. Dist. LEXIS 160349 (S.D.N.Y. Nov. 30, 2015) ................................................................................................................................... 3

*NLRB v. Dist. Council of Iron Workers of Cal. & Vicinity*, 124 F.3d 1094 (9th Cir. 1997) ..... 7

*Peterson v. Celebrity Cruises, Inc.*, 753 F. Supp. 2d 1245 (S.D. Fla. 2010) ........................... 4

*Thomas v. Taco Bell Corp.*, 582 Fed. Appx. 678 (9th Cir. 2014) .................................... 2, 7, 8

*Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079 (C.D. Cal. 2012) ....................................... 4

*United States v. Bonds*, 608 F.3d 495 (9th Cir. 2010) ............................................................. 5

*Whittaker v. Freeway Ins. Servs. Am., Ltd. Liab. Co.*, 2023 U.S. Dist. LEXIS 6018 (D. Ariz. Jan. 12, 2023) ..................................................................................................................... 2

*Winters v. Grand Caribbean Cruises Inc.*, U.S. Dist. LEXIS 158176 (D. Ariz. Aug. 20, 2021) ................................................................................................................................... 3

*Winters v. Quicken Loans*, 2021 U.S. Dist. LEXIS 209695 (D. Ariz. Oct. 29, 2021) .... passim

*Workman v. CarGuard Admin. Inc.*, 2024 U.S. Dist. LEXIS 11476 (D. Ariz. Jan. 23, 2024) . 4

**Statutes**

47 U.S.C. § 227 ................................................................................................................. 1

**Other Authorities**

Restatement (Third) of Agency ......................................................................................... 7, 8

## I. INTRODUCTION

Plaintiff Meredith Evans ("Plaintiff") asserts a claim against Grand Canyon Education Inc. ("GCE") for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").[1]  Plaintiff's TCPA claim, however, does not arise from any calls placed by GCE.  Instead, Plaintiff bases her claim solely on a series of phone calls she alleges she received from a different entity, Defendant Education Advisors.  Compl. ¶¶ 22, 25–26, 30.  Accordingly, GCE is not directly liable for any TCPA violations.  Additionally, Plaintiff fails to allege facts sufficient to show that Education Advisors placed the calls as GCE's agent.  As a result, GCE cannot be held vicariously liable for the conduct at issue either.

Plaintiff's attempt to plead an agency relationship between GCE and Education Advisors fails for at least three reasons:

- *First*, Plaintiff does not plead facts sufficient to demonstrate that Education Advisors had actual authority to place the calls on behalf of GCE. Plaintiff's Complaint is littered with conclusory allegations devoid of any factual content that would support a claim of actual authority.

- *Second*, Plaintiff fails to sufficiently allege facts that show Education Advisors had apparent authority to make calls in violation of the TCPA.  Indeed, Plaintiff never alleges that GCE made any manifestation that would allow a reasonable person, much less Plaintiff herself, to believe Education Advisors was GCE's agent.

- *Third*, Plaintiff's allegations that GCE ratified Education Advisors' conduct are meritless because Plaintiff fails to allege the necessary prerequisite to a ratification claim, *i.e.*, that Education Advisors held itself out as an agent of GCE.

Because Plaintiff's allegations are insufficient to state a TCPA claim under any theory of vicarious liability, the Court must dismiss Plaintiff's Complaint against Defendant GCE in its entirety.

---

[1] Plaintiff also names John Doe Corporation Identified As "Education Advisors" ("Education Advisors") as a Defendant.

1

## II. STANDARD OF REVIEW

Dismissal of a complaint is warranted where there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III. ARGUMENT

### A. Plaintiff's TCPA Claim Fails as a Matter of Law Because GCE Did Not Place the Calls at Issue.

Plaintiff's TCPA claim fails as a matter of law because she does not allege any facts demonstrating that GCE is directly liable for the calls alleged to violate the TCPA. "To establish direct liability, the complaint must allege facts showing the defendant actually placed calls violating the TCPA." *Whittaker v. Freeway Ins. Servs. Am., Ltd. Liab. Co.*, 2023 U.S. Dist. LEXIS 6018, at *10 (D. Ariz. Jan. 12, 2023). No such facts exist here.

Plaintiff admits in the Complaint that Education Advisors, not GCE, placed the calls at issue. *See* Compl. ¶¶ 25–30. Plaintiff does not and cannot allege that GCE actually "placed" the calls to Plaintiff and concedes that the one call she received from GCE did not violate the TCPA. *See id.* ¶ 32. Accordingly, Plaintiff fails to allege a plausible claim for relief against GCE for a direct violation of the TCPA. *See Thomas v. Taco Bell Corp.*, 582 Fed. Appx. 678, 679 (9th Cir. 2014).

### B. Plaintiff's Allegations that Education Advisors Acted as GCE's Agent are Insufficient.

Plaintiff does not allege any facts that support a plausible claim that GCE should be

held liable under a theory of agency for the calls Education Advisor placed. Vicarious liability exists under the TCPA only "where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller." *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 879 (9th Cir. 2014), *aff'd*, 577 U.S. 153 (2016). Thus, the only way Plaintiff can survive this motion is if she has adequately alleged that Education Advisors had actual authority or apparent authority to place the calls on GCE's behalf or that GCE ratified Education Advisor's conduct even if it fell outside the scope of its actual authority. *Goodell v. BH Auto., LLC*, 2023 U.S. Dist. LEXIS 54131, at *8 (D. Ariz. Mar. 29, 2023). Plaintiff falls short on all fronts. Because the Complaint offers only "[t]hreadbare recitals of the elements" of agency and "mere conclusory statements," Plaintiff fails to allege facts that support a plausible claim that Education Advisors was acting as GCE's agent when it placed the calls at issue. *See Iqbal*, 556 U.S. at 678.

### 1. Plaintiff Does Not Plausibly Allege That Education Advisors Had Actual Authority to Place the Calls at Issue.

To successfully plead vicarious liability, Plaintiff "must do more than establish an agency relationship. [Plaintiff] must also establish actual authority **to place the unlawful calls**." *Jones v. Royal Admin. Servs.*, 887 F.3d 443, 449 (9th Cir. 2018) (emphasis added). Courts regularly dismiss complaints when plaintiffs fail to do so. *See, e.g., Winters v. Grand Caribbean Cruises Inc.*, 2021 U.S. Dist. LEXIS 158176, at *14–16 (D. Ariz. Aug. 20, 2021) (dismissing complaint because it was "devoid of any specific, non-conclusory factual allegations outlining the nature of the contractual relationship); *Meeks v. Buffalo Wild Wings, Inc.*, 2018 U.S. Dist. LEXIS 52328, at *16 (N.D. Cal. March 28, 2018) (dismissing TCPA claim where plaintiff failed to allege facts supporting an agency theory); *Melito v. Am. Eagles Outfitters, Inc.*, 2015 U.S. Dist. LEXIS 160349, at *27–28 (S.D.N.Y. Nov. 30, 2015) (dismissing TCPA claim when the complaint failed to sufficiently allege factual content regarding the relationship between the alleged principal and agent); *CHIS, LLC v. Liberty Mut. Holding Co., Inc.*, 2015 U.S. Dist. LEXIS 90175, at *13 (M.D. Ga. July 13, 2015) (dismissing claims against purported principal when plaintiff "allege[d] no facts regarding the level of

control" that the principal had over the agent); *Peterson v. Celebrity Cruises, Inc.*, 753 F. Supp. 2d 1245, 1248 (S.D. Fla. 2010) (dismissing claims when plaintiff failed to allege facts establishing "reasonable belief of an agency relationship").

Plaintiff does not sufficiently allege a single fact supporting the conclusion that Education Advisors was granted actual authority to place the calls to Plaintiff as GCE's agent. Instead, Plaintiff resorts to boilerplate allegations of agency, which cannot suffice to state a claim against GCE. For example, Plaintiff's allegation that GCE "controlled the day-to-day activities of Education Advisors" is insufficient, as a matter of law, to show that GCE exercised the level of control necessary to establish an agency relationship. Compl. ¶ 44; *see also id.* ¶ 47. As this Court has explained, "[a]ctual authority means a defendant 'controlled or had the right to control [the agents] and, more specifically, the manner and means of the [action].'" *Workman v. CarGuard Admin. Inc.*, 2024 U.S. Dist. LEXIS 11476, at *8 (D. Ariz. Jan. 23, 2024) (alterations in original) (quoting *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012)). The Complaint does not include any facts describing any control GCE had over the manner and means in which Education Advisors placed calls to prospective students. Instead, Plaintiff alleges only conclusions unadorned with any factual content that fail to meet the threshold pleading requirement for alleging vicarious liability on a theory of actual authority.

Plaintiff's allegations are indistinguishable from those in *Winters v. Quicken Loans Inc.,* in which the Court dismissed a TCPA claim because the plaintiff failed to allege facts supporting an agency relationship. 2021 U.S. Dist. LEXIS 209695, at *16 (D. Ariz. Oct. 29, 2021). In *Winters*, the plaintiff alleged that Quicken Loans contracted with a telemarketer to make calls on behalf of Quicken Loans. *Id*. at *1–2. Plaintiff alleged that, the telemarketer called the plaintiff to "'sell or solicit' services by Quicken Loans." *Id*. at *3. Quicken Loans moved to dismiss the complaint on the grounds that it did not place the calls and could not be held vicariously liable for the telemarketer's calls. *Id*. at *9–10. The Court dismissed the TCPA claim against Quicken Loans, holding that the plaintiff did not "adequately plead[] an

agency relationship between the [telemarketer] and Quicken Loans because it relies on conclusory allegations." *Id*. at *12. The Court found insufficient allegations that:

- "[T]he [telemarketer] acted pursuant to a contract;"
- "[T]he [telemarketer] acted within the express authority given by Quicken Loans;"
- "Quicken Loans 'substantially controlled' the [telemarketer's] actions 'by specifying the nature and type of the calls to be placed, the means by which such calls were to be placed, [and] the content of such calls,'"
- Quicken Loans "'retain[ed] the right to terminate the contract unilaterally;'" and
- "[T]he calls were 'placed directly pursuant to [the] contract between Defendant and the [telemarketer].'"

*Winters*, 2021 U.S. Dist. LEXIS 209695, at *12–13 (quoting Third Amended Complaint at ¶¶ 7–11, *Winters*, No. CV-20-00112-PHX-MTL (D. Ariz. Oct. 29, 2021), ECF No. 42).

Plaintiff's allegations here fare no better. The paltry facts Plaintiff alleges regarding the specific criteria for leads, audits of recorded calls, and option to terminate do not even reach the extent of involvement alleged in *Winters*. *See* Compl. ¶¶ 44–48. These allegations are patently insufficient to demonstrate GCE's control over Education Advisors' operations.[2]

Critically, Plaintiff has not alleged that GCE had control over Education Advisors with respect to the **calls at issue**. *Compare* Compl. ¶¶ 44–48, *with Winters*, 2021 U.S. Dist. LEXIS 209695, at *12–13. "In determining whether vicarious liability may be imposed, the 'extent of control exercised by the [principal]' is the 'essential ingredient.'" *Jones*, 887 F.3d at 450 (quoting *United States v. Bonds*, 608 F.3d 495, 505 (9th Cir. 2010)). Plaintiff cites to GCE's alleged control over conduct separate and apart from the allegedly violative calls. *See* Compl.

---

[2] Notably, Plaintiff's allegations of control are based on made up contractual terms that Plaintiff has obviously never seen. Like the *Winters* Defendant, GCE questions how Plaintiff is able to make a vicarious liability argument on the basis of alleged contractual terms between GCE and Education Advisors on the one hand, *see* Compl. ¶¶ 44–48, and claim she does not know the name of the Defendant John Doe Call Centre on the other hand, *id*. ¶ 7. *See Winters*, 2021 U.S. Dist. LEXIS 209695, at *11–12.

¶¶ 44–48 (alleging that GCE had the right to set the criteria for leads, request recordings of every call, and to terminate the Parties' contract). None of Plaintiff's allegations reflect control over the calls that allegedly violated the TCPA, and thus, they are insufficient to state a claim of vicarious liability.

Moreover, even if true, those facts do not establish actual authority as "[t]he existence of a contractual relationship . . . does not, in and of itself, mean that there is an agency relationship between the two parties." *Winters*, 2021 U.S. Dist. LEXIS 209695, at *12. As the Ninth Circuit confirmed, the "limited control" a seller maintains over a telemarketer is insufficient to create vicarious liability. *See Jones*, 887 F.3d at 451. Specifically, the Court held that requirements to "keep records of its interactions with consumers," "implement security measures to protect consumer information," and "obtain approval before using sales literature," did not rise to the level of control sufficient to establish actual agency. *See id.*

Notably, the Ninth Circuit has specifically foreclosed Plaintiff's theory of control in the context of a telemarketer that makes calls on behalf of multiple companies. *See id.* In *Jones*, the Ninth Circuit held that when a telemarketer sells "for multiple companies (all of whom, presumably, had their own standards and procedures . . . telemarketers were required to comply with)," the issue of control arises only after the telemarketer begins to pitch the defendant's product. *See id.* ("Royal did not have any control of a telemarketer's call until the telemarketer decided to pitch a Royal [product] to the consumer."). The allegations of the Complaint confirm that Education Advisors makes calls to sell educational services for multiple schools and "offered services to allow the call recipient to be matched with a school to pay to attend school to receive a bachelors degree." Compl. ¶¶ 27–28. Accordingly, any alleged control that GCE maintains over Education Advisors could arise only ***after*** Education Advisors' calls to Plaintiff in which it matched Plaintiff with GCU.

### 2. Plaintiff Does Not Plausibly Allege that Education Advisors Had Apparent Authority to Place the Calls at Issue.

"Apparent authority is the power held by an agent or other actor to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority

to act on behalf of the principal and that belief is ***traceable to the principal's manifestations***." *Goodell*, 2023 U.S. Dist. LEXIS 54131, at *14 (quoting Restatement (Third) of Agency § 2.03) (internal quotation marks omitted) (emphasis added). Apparent authority "can only 'be established by proof of something said or done by the [alleged principal], on which [the plaintiff] reasonably relied.'" *Thomas*, 582 Fed. Appx. at 679 (quoting *NLRB v. Dist. Council of Iron Workers of Cal. & Vicinity*, 124 F.3d 1094, 1099 (9th Cir. 1997)) (alterations in original). Thus, to state a claim under an apparent authority theory, Plaintiff must sufficiently allege facts that she reasonably relied on a manifestation by GCE that Education Advisors had authority to act on its behalf. Plaintiff makes no such allegations. *See generally* Compl.

The Complaint's only reference to apparent authority is a purely legal assertion that "[e]vidence of circumstances pointing to apparent authority on behalf of the telemarketer 'should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent.'" Compl. ¶ 60 (quoting *In re Dish Network*, 28 FCC Rcd. 6574, 6592–93 (2013)). This single recitation of legal elements is facially insufficient to state a claim for relief under an apparent authority theory. *See Iqbal*, 556 U.S. at 678. In fact, this Court has previously dismissed complaints with similarly constructed apparent authority arguments. For example, in *Winters v. Quicken Loans*, this Court determined that the plaintiff's allegations that "a reasonable consumer similarly situated to [Winters] would have believed that the robocall was placed by an agent of [Quicken Loans] with its express authority given that the robocall was transferred to a representative who identified [Quicken Loans] by name and the call was clearly made for the benefit of [Quicken Loans]" did not sufficiently support a theory of apparent authority. *Winters*, 2021 U.S. Dist. LEXIS 209695, at *13–14. The Court found "no indication in the Amended Complaint" that the defendant "identified the [telemarketer] as [an] agent, commented on the [telemarketer's] role or authority, even mentioned the [telemarketer], or made any manifestations indicating the [telemarketer] was its agent." *Id*. at *14.

The same omissions are present here. Plaintiff offers no facts that demonstrate that a

"reasonable consumer" would think Education Advisors was an agent of GCE or that Plaintiff herself believed this was the case due to manifestations from GCE. Plaintiff's apparent authority argument thus fails.

### 3. Plaintiff Fails to Plausibly Allege that GCE Ratified Education Advisors' Conduct.

Ratification is a narrow concept. Ratification can give rise to vicarious liability only if a party "'acted or purported to act as an agent on the person's behalf.'" *Goodell*, 2023 U.S. Dist. LEXIS 54131, at *17 (quoting Restatement (Third) of Agency § 4.03); *see also Thomas*, 582 Fed. Appx. at 680 ("Although a principal is liable when it ratifies an originally unauthorized tort, the principal-agent relationship is still a requisite, and ratification can have no meaning without it." (quoting *Batzel v. Smith*, 333 F.3d 1018, 1036 (9th Cir. 2003)) (internal quotation marks omitted)). "'[W]hen an actor is not an agent and does not purport to be one,' the doctrine of ratification does not apply." *Kristensen v. Credit Payment Servs.*, 879 F.3d 1010, 1014 (9th Cir. 2018) (quoting Restatement (Third) of Agency § 4.03 cmt. b)). For the reasons discussed above, Plaintiff has not made a plausible claim that "in placing the offending calls, the [purported agent] acted, or purported to act, as agent[]" of GCE. *See Goodell*, 2023 U.S. Dist. LEXIS 54131, at *18–19. Accordingly, GCE could not have ratified Education Advisor's conduct.[3]

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint should be dismissed in its entirety as it is clear that GCE did not make the calls at issue and Plaintiff has failed to allege sufficient facts to support her claim that Education Advisors acted as GCE's agent under any legal theory.

---

[3] Even if ratification was applicable, Plaintiff does not allege any action by GCE that would constitute ratification.

| | |
|---|---|
| Dated: April 23, 2024 | Respectfully submitted,<br><br>**ALSTON & BIRD LLP**<br><br>*/s/ Derin B. Dickerson*<br>Derin B. Dickerson, GA Bar #220620*<br>Grace Assaye, NY Bar #5855945*<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, GA  30309-3424<br><br>*Admitted pro hac vice<br><br>*Attorneys for Defendant<br>Grand Canyon Education Inc.* |

9

DEFENDANT GRAND CANYON EDUCATION INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

# CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2024, I caused a copy of **DEFENDANT GRAND CANYON EDUCATION INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT** to be served upon the following counsel via the Court's CM/ECF system:

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: 508-221-1510
anthony@paronichlaw.com

Andrew Roman Perrong
Perrong Law LLC
2657 Mount Carmel Ave.
Glenside, PA 19038
215-225-5529
Fax: 888-329-0305
Email: a@perronglaw.com

Attorneys for Plaintiff

DATED: April 23, 2024         */s/ Derin B. Dickerson*
                              Derin B. Dickerson