1  Derin B. Dickerson*
   Grace Assaye*
2  **ALSTON & BIRD LLP**
   1201 West Peachtree Street
3  Atlanta, GA 30309
   Telephone: 404-881-7000
4  derin.dickerson@alston.com
   grace.assaye@alston.com
5
   *Admitted *pro hac vice*
6
   Attorneys for Defendant Grand Canyon Education Inc.
7

8

9              **UNITED STATES DISTRICT COURT**

10                **FOR THE DISTRICT OF ARIZONA**

11  Meredith Evans, individually and on behalf   ) Case No. 2:24-cv-00553-PHX-GMS
    of a class of all persons and entities similarly )
12  situated,                                      )
                                                   ) **DEFENDANT GRAND CANYON**
13                     Plaintiff,                  ) **EDUCATION INC.'S MEMORANDUM**
                                                   ) **OF LAW IN SUPPORT OF ITS**
14  v.                                             ) **MOTION TO DISMISS THE**
                                                   ) **AMENDED COMPLAINT**
15  Grand Canyon Education Inc.                    )
                                                   ) Oral Argument Requested
16  and                                            )
                                                   )
17  John Doe Corporation Identified As             )
    "Education Advisors,"                          )
18                                                 )
                       Defendants.                 )
19                                                 )
                                                   )
20                                                 )
                                                   )
21  _____)

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................. 1

II. STANDARD OF REVIEW ................................................................................... 2

III. ARGUMENT ......................................................................................................... 2

    A. Plaintiff's TCPA Claim Fails as a Matter of Law Because GCE Did Not Place the Calls at Issue. ............................................................. 2

    B. Plaintiff's Allegations that Education Advisors Acted as GCE's Agent are Insufficient. ............................................................................. 2

        1. *Plaintiff Does Not Plausibly Allege That Education Advisors Had Actual Authority to Place the Calls at Issue.* ......................................................................................... 3

        2. *Plaintiff Does Not Plausibly Allege that Education Advisors Had Apparent Authority to Place the Calls at Issue.* ......................................................................................... 8

        3. *Plaintiff Fails to Plausibly Allege that GCE Ratified Education Advisors' Conduct.* ............................................................. 9

IV. CONCLUSION .................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................. 2, 3, 9

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1988) ............................... 2

*Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003) ........................................................ 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................... 2

*CHIS, LLC v. Liberty Mut. Holding Co., Inc.*, 2015 U.S. Dist. LEXIS 90175 (M.D. Ga. July 13, 2015) ............................................................................................ 3

*Christian v. Mattel, Inc.*, 286 F.3d 1118 (9th Cir. 2002) .......................................... 11

*Coto Settlement v. Eisenberg*, 593 F.3d 1031 (9th Cir. 2010) .................................. 7

*Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir. 2014), *aff'd*, 577 U.S. 153 (2016) ..... 3

*In re Dish Network*, 28 FCC Rcd. 6574 (2013) ......................................................... 9

*Jones v. Royal Admin. Servs.*, 887 F.3d 443 (9th Cir. 2018) ............................. 3, 6, 7

*Kristensen v. Credit Payment Servs.*, 879 F.3d 1010 (9th Cir. 2018) ...................... 10

*Meeks v. Buffalo Wild Wings, Inc.*, 2018 U.S. Dist. LEXIS 52328 (N.D. Cal. March 28, 2018) ........................................................................................... 3

*Melito v. Am. Eagles Outfitters, Inc.*, 2015 U.S. Dist. LEXIS 160349 (S.D.N.Y. Nov. 30, 2015) ............................................................................................... 3

*NLRB v. Dist. Council of Iron Workers of Cal. & Vicinity*, 124 F.3d 1094 (9th Cir. 1997) ..... 8

*Peterson v. Celebrity Cruises, Inc.*, 753 F. Supp. 2d 1245 (S.D. Fla. 2010) .............. 4

*Thomas v. Taco Bell Corp.*, 582 Fed. Appx. 678 (9th Cir. 2014) ..................... 2, 4, 8, 10

*Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079 (C.D. Cal. 2012) ........................ 4

*United States v. Bonds*, 608 F.3d 495 (9th Cir. 2010) ............................................... 6

*Whittaker v. Freeway Ins. Servs. Am., Ltd. Liab. Co.*, 2023 U.S. Dist. LEXIS 6018 (D. Ariz. Jan. 12, 2023) ............................................................................... 2

*Winters v. Grand Caribbean Cruises Inc.*, U.S. Dist. LEXIS 158176 (D. Ariz. Aug. 20,

2021) .................................................................................................................................. 3

*Winters v. Quicken Loans*, 2021 U.S. Dist. LEXIS 209695 (D. Ariz. Oct. 29, 2021) .. 4, 5, 6, 9

**Statutes**

47 U.S.C. § 227 ................................................................................................................... 1

**Other Authorities**

Restatement (Third) of Agency ..................................................................................... 8, 10

## I. INTRODUCTION

Plaintiff Meredith Evans ("Plaintiff") asserts a claim against Grand Canyon Education Inc. ("GCE") for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").[1] Plaintiff's TCPA claim, however, does not arise from any calls placed by GCE. Instead, Plaintiff bases her claim solely on a series of phone calls she alleges she received from a different entity, Defendant Education Advisors. Am. Compl. ¶¶ 22, 25–26, 30. Accordingly, GCE is not directly liable for any TCPA violations. Additionally, Plaintiff fails to allege facts sufficient to show that Education Advisors placed the calls as GCE's agent. As a result, GCE cannot be held vicariously liable for the conduct at issue either.

Plaintiff's attempt to plead an agency relationship between GCE and Education Advisors fails for at least three reasons:

- *First*, Plaintiff does not plead facts sufficient to demonstrate that Education Advisors had actual authority to place the calls on behalf of GCE. Plaintiff's Complaint is littered with conclusory allegations devoid of any factual content that would support a claim of actual authority.

- *Second*, Plaintiff fails to sufficiently allege facts that show Education Advisors had apparent authority to make calls in violation of the TCPA. Indeed, Plaintiff never alleges that *GCE*, not Education Advisors, made any manifestation that would allow a reasonable person, much less Plaintiff herself, to believe Education Advisors was GCE's agent.

- *Third*, Plaintiff's allegations that GCE ratified Education Advisors' conduct are meritless because Plaintiff fails to allege the necessary prerequisite to a ratification claim, *i.e.*, that Education Advisors held itself out as an agent of GCE.

Because Plaintiff's allegations are insufficient to state a TCPA claim under any theory of vicarious liability, the Court must dismiss Plaintiff's Amended Complaint against Defendant GCE in its entirety.

---

[1] Plaintiff also names John Doe Corporation Identified As "Education Advisors" ("Education Advisors") as a Defendant.

1

## II. STANDARD OF REVIEW

Dismissal of a complaint is warranted where there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III. ARGUMENT

### A. Plaintiff's TCPA Claim Fails as a Matter of Law Because GCE Did Not Place the Calls at Issue.

Plaintiff's TCPA claim fails as a matter of law because she does not allege any facts demonstrating that GCE is directly liable for the calls alleged to violate the TCPA. "To establish direct liability, the complaint must allege facts showing the defendant actually placed calls violating the TCPA." *Whittaker v. Freeway Ins. Servs. Am., Ltd. Liab. Co.*, 2023 U.S. Dist. LEXIS 6018, at *10 (D. Ariz. Jan. 12, 2023). No such facts exist here.

Plaintiff admits in the Amended Complaint that Education Advisors, not GCE, placed the calls at issue. *See* Am. Compl. ¶¶ 25–27. Plaintiff does not and cannot allege that GCE actually "placed" the calls to Plaintiff and concedes that the one call she received from GCE did not violate the TCPA. *See id.* ¶ 32. Accordingly, Plaintiff fails to allege a plausible claim for relief against GCE for a direct violation of the TCPA. *See Thomas v. Taco Bell Corp.*, 582 Fed. Appx. 678, 679 (9th Cir. 2014).

### B. Plaintiff's Allegations that Education Advisors Acted as GCE's Agent are Insufficient.

Plaintiff does not allege any facts that support a plausible claim that GCE can be held

liable under a theory of agency for the calls Education Advisor placed. Vicarious liability exists under the TCPA only "where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller." *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 879 (9th Cir. 2014), *aff'd*, 577 U.S. 153 (2016). Thus, the only way Plaintiff can survive this motion is if she has adequately alleged that Education Advisors had actual authority or apparent authority to place the calls on GCE's behalf or that GCE ratified Education Advisor's conduct even if it fell outside the scope of its actual authority. *Goodell v. BH Auto., LLC*, 2023 U.S. Dist. LEXIS 54131, at *8 (D. Ariz. Mar. 29, 2023). Plaintiff falls short on all fronts. Because the Complaint offers only "[t]hreadbare recitals of the elements" of agency and "mere conclusory statements," Plaintiff fails to allege facts that support a plausible claim that Education Advisors was acting as GCE's agent when it placed the calls at issue. *See Iqbal*, 556 U.S. at 678.

### 1. *Plaintiff Does Not Plausibly Allege That Education Advisors Had Actual Authority to Place the Calls at Issue.*

To successfully plead vicarious liability, Plaintiff "must do more than establish an agency relationship. [Plaintiff] must also establish actual authority **to place the unlawful calls**." *Jones v. Royal Admin. Servs.*, 887 F.3d 443, 449 (9th Cir. 2018) (emphasis added). Courts regularly dismiss complaints when plaintiffs fail to do so. *See, e.g., Winters v. Grand Caribbean Cruises Inc.*, 2021 U.S. Dist. LEXIS 158176, at *14–16 (D. Ariz. Aug. 20, 2021) (dismissing complaint because it was "devoid of any specific, non-conclusory factual allegations outlining the nature of the contractual relationship); *Meeks v. Buffalo Wild Wings, Inc.*, 2018 U.S. Dist. LEXIS 52328, at *16 (N.D. Cal. March 28, 2018) (dismissing TCPA claim where plaintiff failed to allege facts supporting an agency theory); *Melito v. Am. Eagles Outfitters, Inc.*, 2015 U.S. Dist. LEXIS 160349, at *27–28 (S.D.N.Y. Nov. 30, 2015) (dismissing TCPA claim when the complaint failed to sufficiently allege factual content regarding the relationship between the alleged principal and agent); *CHIS, LLC v. Liberty Mut. Holding Co., Inc.*, 2015 U.S. Dist. LEXIS 90175, at *13 (M.D. Ga. July 13, 2015) (dismissing claims against purported principal when plaintiff "allege[d] no facts regarding the level of

control" that the principal had over the agent); *Peterson v. Celebrity Cruises, Inc.*, 753 F. Supp. 2d 1245, 1248 (S.D. Fla. 2010) (dismissing claims when plaintiff failed to allege facts establishing "reasonable belief of an agency relationship").

Plaintiff does not sufficiently allege a single fact supporting the conclusion that Education Advisors was granted actual authority to place the calls to Plaintiff as GCE's agent. Instead, Plaintiff resorts to boilerplate allegations of agency, which cannot suffice to state a claim against GCE. For example, Plaintiff's allegation that GCE "controlled the day-to-day activities of Education Advisors" is insufficient, as a matter of law, to show that GCE exercised the level of control necessary to establish an agency relationship. Am. Compl. ¶ 49; *see also id.* ¶ 54. As the Ninth Circuit has explained, actual authority means a defendant "controlled or had the right to control [the agents] and, more specifically, the manner and means of the [action]." *Thomas*, 582 Fed. Appx. at 679 (quoting *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012)) (internal quotation marks omitted). The Amended Complaint does not plausibly allege any control GCE had over the manner and means in which Education Advisors placed calls to prospective students. Instead, Plaintiff alleges only conclusions unadorned with any factual content that fail to meet the threshold pleading requirement for alleging vicarious liability on a theory of actual authority.

Plaintiff's allegations are indistinguishable from those in *Winters v. Quicken Loans Inc.*, in which the Court dismissed a TCPA claim because the plaintiff failed to allege facts supporting an agency relationship. 2021 U.S. Dist. LEXIS 209695, at *16 (D. Ariz. Oct. 29, 2021). In *Winters*, the plaintiff alleged that Quicken Loans contracted with a telemarketer to make calls on behalf of Quicken Loans. *Id.* at *1–2. Plaintiff alleged that the telemarketer called the plaintiff to "'sell or solicit' services by Quicken Loans." *Id.* at *3. Quicken Loans moved to dismiss the complaint on the grounds that it did not place the calls and could not be held vicariously liable for the telemarketer's calls. *Id.* at *9–10. The Court dismissed the TCPA claim against Quicken Loans, holding that the plaintiff did not "adequately plead[] an agency relationship between the [telemarketer] and Quicken Loans because it relies on

conclusory allegations." *Id*. at *12. The Court found insufficient allegations that the telemarketer placed calls that violated the TCPA pursuant to an agreement with Quicken Loans. *Id*. at *12–13 (quoting Third Amended Complaint at ¶¶ 7–11, *Winters*, No. CV-20-00112-PHX-MTL (D. Ariz. Oct. 29, 2021), ECF No. 42). A side-by-side comparison between the insufficient allegations in *Winters* and the Amended Complaint clearly demonstrates how Plaintiff has "inadequately pleaded that a contract established an agency relationship." *Id*. at *13.

| ***Winters* Allegations** | **Amended Complaint's Allegations** |
|---|---|
| "[T]he [telemarketer] acted pursuant to a contract." | GCE "hired Education Advisors to orchestrate an *en masse* telemarketing campaign." (Am. Compl. ¶ 48) |
| "[T]he [telemarketer] acted within the express authority given by Quicken Loans." | "Education Advisors was acting as Grand Canyon's agent." (Am. Compl. ¶ 36) |
| "Quicken Loans 'substantially controlled' the [telemarketer's] actions 'by specifying the nature and type of the calls to be placed, the means by which such calls were to be placed, [and] the content of such calls.'" | "Grand Canyon controlled the day-to-day activities of Education Advisors by providing the specific criteria for the leads it would accept and required its vendors, including Education Advisors, to adhere to those criteria." (Am. Compl. ¶ 49) |
| Quicken Loans "'retain[ed] the right to terminate the contract unilaterally.'" | "Grand Canyon could have terminated Education Advisors." (Am. Compl. ¶ 55) |
| "[T]he calls were 'placed directly pursuant to [the] contract between Defendant and the [telemarketer].'" | GCE "require[d] [Education Advisors] to recommend and refer clients to Grand Canyon provided they met Grand Canyon's criteria." (Am. Compl. ¶ 50) |

The paltry facts Plaintiff alleges regarding the specific criteria for leads, audits of recorded calls, and option to terminate do not even reach the extent of involvement alleged in *Winters*. *See* Am. Compl. ¶¶ 49–55. And Plaintiff's remaining allegations that Education Advisors was "requir[ed] [] to recommend and refer clients to Grand Canyon" and was authorized to "state that [interested persons] were going to receive calls from Grand Canyon" are entirely inapposite. *Id*. ¶¶ 50–51. That a company hiring a lead generator would require that lead generator to "recommend and refer clients" to their business as well as inform possible "interested persons" that they would receive the information they were interested in

5
DEFENDANT GRAND CANYON EDUCATION INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

is obvious and uncontroversial—this is merely the definition of what a lead generator does. All of Plaintiff's allegations are patently insufficient to demonstrate GCE's control over Education Advisors' operations.[2]

Critically, Plaintiff has not alleged that GCE had control over Education Advisors with respect to the **calls at issue**. *Compare id*. ¶¶ 49–55, *with Winters*, 2021 U.S. Dist. LEXIS 209695, at *12–13. "In determining whether vicarious liability may be imposed, the 'extent of control exercised by the [principal]' is the 'essential ingredient.'" *Jones*, 887 F.3d at 450 (quoting *United States v. Bonds*, 608 F.3d 495, 505 (9th Cir. 2010)). Plaintiff cites to GCE's alleged control over conduct separate and apart from the allegedly violative calls. *See* Am. Compl. ¶¶ 49–55 (alleging that GCE had the right to set the criteria for leads, request recordings of every call, and to terminate the Parties' contract). None of Plaintiff's allegations reflect control over the calls that allegedly violated the TCPA, and thus, they are insufficient to state a claim of vicarious liability.

Moreover, even if true, those facts do not establish actual authority as "[t]he existence of a contractual relationship . . . does not, in and of itself, mean that there is an agency relationship between the two parties." *Winters*, 2021 U.S. Dist. LEXIS 209695, at *12. As the Ninth Circuit confirmed, the "limited control" a seller maintains over a telemarketer is insufficient to create vicarious liability. *See Jones*, 887 F.3d at 451. Specifically, the Court held that requirements to "keep records of its interactions with consumers," "implement security measures to protect consumer information," and "obtain . . . approval before using sales literature," did not rise to the level of control sufficient to establish actual agency. *Compare id*., *with* Am. Compl. ¶¶ 37, 49, 52–53 (alleging GCE had access to Education

---

[2] Notably, Plaintiff's allegations of control are based on made up contractual terms that Plaintiff has obviously never seen. Like the *Winters* Defendant, GCE questions how Plaintiff is able to make a vicarious liability argument on the basis of alleged contractual terms between GCE and Education Advisors on the one hand, *see* Am. Compl. ¶¶ 49–55, and claim she does not know the name of the Defendant John Doe Call Centre on the other hand, *id*. ¶ 7. *See Winters*, 2021 U.S. Dist. LEXIS 209695, at *11–12.

Advisors' call recordings and provided criteria for its vendors to adhere to).

Notably, the Ninth Circuit has specifically foreclosed Plaintiff's theory of control in the context of a telemarketer that makes calls on behalf of multiple companies. *See id*. In *Jones*, the Ninth Circuit held that when a telemarketer sells "for multiple companies (all of whom, presumably, had their own standards and procedures . . . telemarketers were required to comply with)," the issue of control arises only after the telemarketer begins to pitch the defendant's product. *See id*. ("Royal did not have any control of a telemarketer's call until the telemarketer decided to pitch a Royal [product] to the consumer."). Accordingly, any alleged control that GCE maintains over Education Advisors could arise only *after* Education Advisors' calls to Plaintiff in which it matched Plaintiff with GCU.

In Plaintiff's original complaint, she alleged that Education Advisors made calls to sell educational services for multiple schools and would then match prospective students with the programs they were interested in. Dkt. 1 ¶¶ 27–28. Plaintiff now makes the contradictory allegation that Education Advisors was hired to "exclusively market" GCE's educational services and that Education Advisors did nothing more than "provid[e] the illusion of choice." Am. Compl. ¶¶ 7, 31. But the recording of the February 14, 2024 call between Plaintiff and Education Advisors alleged in the Amended Complaint tells a different story.[3] Declaration of D. Dickerson, Exhibit A (Recording of Feb. 14, 2024 Call); *see also id*. Exhibit B (Transcript

---

[3] The recording of this call, also in Plaintiff's possession (Am. Compl. ¶ 35), is incorporated by reference into the Amended Complaint. This call is the central source of Plaintiff's factual allegations and the basis of her agency arguments, including that GCE had control over Education Advisors (*id*. ¶ 37, 50–52), that Education Advisors worked "exclusively" for GCE (*id*. ¶¶ 7, 29–31), and that GCE ratified Education Advisors' conduct by accepting Plaintiff's lead (*id*. ¶ 33, 67). Incorporation by reference is appropriate where, as here, the "complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (incorporating by reference a contractual agreement that was "integral to the Amended Complaint"). There is perhaps no piece of extrinsic evidence more important (nor more damning) to Plaintiff's Amended Complaint than this call recording, so this Court should consider it incorporated by reference and rule on GCE's Motion accordingly.

of Feb. 14, 2024 Call). On that call, Plaintiff affirmatively identified the types of programs she may be interested in based on multiple criteria, including the nature of the program (*i.e.*, in person or online), the level of education, the courses and subject matter, and potential start dates. Ex. A at 0:42–2:34; Ex. B at 2:23–5:12. Plaintiff then narrowed a list of several possible programs provided to her by the Education Advisors representative, selecting two master's programs she wanted more information about. Ex. A at 5:15–7:21; Ex. B at 8:19–10:23. It was only after receiving all of Plaintiff's preferences that the Education Advisors representative provided two options for schools that offered Plaintiff's selected programs— GCU and National University. Ex. A at 7:48–8:16; Ex. B at 11:12–12:3; *see Jones*, 887 F.3d at 451. At no time did the Education Advisors representative state she was calling "for 'Grand Canyon University.'" Am. Compl. ¶ 29; *see generally* Ex. A; Ex. B. As this call demonstrates, Education Advisors could not have been working "exclusively" for GCE. Am. Compl. ¶ 7. Indeed, Education Advisors referred Plaintiff to a separate school during the same call. Nor could this detailed, in-depth conversation be reasonably considered an "illusion of choice." Am. Compl. ¶ 31. Plaintiff's perfectly contradictory allegations show that Plaintiff cannot bolster her factual allegations to address the insufficiencies identified in GCE's Motion to Dismiss; she can only invent them. Accordingly, she fails to plausibly allege Education Advisors is an agent of GCE.

### 2. Plaintiff Does Not Plausibly Allege that Education Advisors Had Apparent Authority to Place the Calls at Issue.

"Apparent authority is the power held by an agent or other actor to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is ***traceable to the principal's manifestations***." *Goodell*, 2023 U.S. Dist. LEXIS 54131, at *14 (quoting Restatement (Third) of Agency § 2.03) (internal quotation marks omitted) (emphasis added). Apparent authority "can only 'be established by proof of something said or done by the [alleged principal], on which [the plaintiff] reasonably relied.'" *Thomas*, 582 Fed. Appx. at 679 (quoting *NLRB v. Dist. Council of Iron Workers of Cal. & Vicinity*, 124 F.3d 1094, 1099 (9th Cir. 1997)) (alterations in

8

original).  Thus, to state a claim under an apparent authority theory, Plaintiff must sufficiently allege facts that she reasonably relied on a manifestation ***by GCE*** that Education Advisors had authority to act on its behalf.  Plaintiff makes no such allegations.  *See generally* Am. Compl.

The Complaint's only reference to apparent authority is a purely legal assertion that "[e]vidence of circumstances pointing to apparent authority on behalf of the telemarketer 'should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent.'" Am. Compl. ¶ 68 (quoting *In re Dish Network*, 28 FCC Rcd. 6574, 6592–93 (2013)).  This single recitation of legal elements is facially insufficient to state a claim for relief under an apparent authority theory.  *See Iqbal*, 556 U.S. at 678.  In fact, this Court has previously dismissed complaints with similarly constructed apparent authority arguments.  For example, in *Winters v. Quicken Loans*, this Court determined that the plaintiff's allegations that "a reasonable consumer similarly situated to [Winters] would have believed that the robocall was placed by an agent of [Quicken Loans] with its express authority given that the robocall was transferred to a representative who identified [Quicken Loans] by name and the call was clearly made for the benefit of [Quicken Loans]" did not sufficiently support a theory of apparent authority.  *Winters*, 2021 U.S. Dist. LEXIS 209695, at *13–14.  The Court found "no indication in the Amended Complaint" that the defendant "identified the [telemarketer] as [an] agent, commented on the [telemarketer's] role or authority, even mentioned the [telemarketer], or made any manifestations indicating the [telemarketer] was its agent." *Id*. at *14.

The same omissions are present here.  Plaintiff offers no facts that demonstrate that a "reasonable consumer" would think Education Advisors was an agent of GCE or that Plaintiff herself believed this was the case due to manifestations from GCE.  Plaintiff's apparent authority argument thus fails.

> **3. Plaintiff Fails to Plausibly Allege that GCE Ratified Education Advisors' Conduct.**

Ratification is a narrow concept.  Ratification can give rise to vicarious liability only if a party "'acted or purported to act as an agent on the person's behalf.'"  *Goodell*, 2023 U.S.

Dist. LEXIS 54131, at *17 (quoting Restatement (Third) of Agency § 4.03); *see also Thomas*, 582 Fed. Appx. at 680 ("Although a principal is liable when it ratifies an originally unauthorized tort, the principal-agent relationship is still a requisite, and ratification can have no meaning without it." (quoting *Batzel v. Smith*, 333 F.3d 1018, 1036 (9th Cir. 2003)) (internal quotation marks omitted)). "'[W]hen an actor is not an agent and does not purport to be one,' the doctrine of ratification does not apply." *Kristensen v. Credit Payment Servs.*, 879 F.3d 1010, 1014 (9th Cir. 2018) (quoting Restatement (Third) of Agency § 4.03 cmt. b)). For the reasons discussed above, Plaintiff has not made a plausible claim that "in placing the offending calls, the [purported agent] acted, or purported to act, as agent[]" of GCE. *See Goodell*, 2023 U.S. Dist. LEXIS 54131, at *18–19. Accordingly, GCE could not have ratified Education Advisor's conduct.

Even if GCE could have ratified Education Advisors' conduct, Plaintiff does not allege any action by GCE that would constitute ratification. Plaintiff alleges that GCE ratified Education Advisors' conduct by (1) "accepting the lead and referral generated by Education Advisors"; and (2) "shield[ing] Education Advisors from this litigation." Am. Compl. ¶¶ 33, 40, 57, 65–67. Neither allegation is sufficient to plead ratification. First, Plaintiff's allegation that GCE ratified Education Advisors' conduct by accepting her lead fails to establish a necessary element of ratification by "receiving or retaining benefits"—that "the person has knowledge of material facts." Restatement (Third) of Agency § 4.01 cmt. g. Plaintiff never alleges that at the time the lead was passed on to GCE that it was aware of Education Advisors' purportedly "illegal telemarketing conduct." Am. Compl. ¶ 33; *see also Goodell*, 2023 U.S. Dist. LEXIS 54131, at *18. Second, Plaintiff's argument that GCE did not reveal the identity of Education Advisors to her counsel[4] and thus ratified Education Advisors' conduct has no

---

[4] Plaintiff's characterization of her counsel's conversation with Stephanie Pearlman as a "declaration against interest" is confusing. Am. Compl. ¶ 35–36. Ms. Pearlman "admitted" that GCE required Education Advisors to obtain consent *for GCE* to call and that Plaintiff so consented, thus eliminating direct TCPA liability for GCE. *Id.* GCE is not sure how this statement could be contrary to its interests.

10
DEFENDANT GRAND CANYON EDUCATION INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS THE AMENDED COMPLAINT

legal basis. Am. Compl. ¶¶ 40, 57, 65–66. At this stage, it is **Plaintiff's** burden to "conduct a reasonable factual investigation" regarding her factual allegations and the legal underpinnings of her case. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). She is not entitled to receive that information via an opposing party's legal team nor a motion to dismiss her case.

IV. <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's Amended Complaint should be dismissed in its entirety as it is clear that GCE did not make the calls at issue and Plaintiff has failed to allege sufficient facts to support her claim that Education Advisors acted as GCE's agent under any legal theory.

Dated: May 21, 2024                    Respectfully submitted,

**ALSTON & BIRD LLP**

/s/ Derin B. Dickerson
Derin B. Dickerson, GA Bar #220620*
Grace Assaye, NY Bar #5855945*
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA  30309-3424

*Admitted *pro hac vice*

*Attorneys for Defendant*
*Grand Canyon Education Inc.*

11
DEFENDANT GRAND CANYON EDUCATION INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

# CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2024, I caused a copy of **DEFENDANT GRAND CANYON EDUCATION INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT** to be served upon the following counsel via the Court's CM/ECF system:

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: 508-221-1510
anthony@paronichlaw.com

Andrew Roman Perrong
Perrong Law LLC
2657 Mount Carmel Ave.
Glenside, PA 19038
215-225-5529
Fax: 888-329-0305
Email: a@perronglaw.com

Attorneys for Plaintiff

DATED:  May 21, 2024          */s/ Derin B. Dickerson*
                              Derin B. Dickerson