Derin B. Dickerson*
Grace Assaye*
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: 404-881-7000
derin.dickerson@alston.com
grace.assaye@alston.com

*Admitted *pro hac vice*

Attorneys for Defendant Grand Canyon Education Inc.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Meredith Evans, individually and on behalf of a class of all persons and entities similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Grand Canyon Education Inc.<br><br>and<br><br>John Doe Corporation Identified As "Education Advisors,"<br><br>　　　　　　　　Defendants. | Case No. 2:24-cv-00553-GMS<br><br>**DEFENDANT GRAND CANYON EDUCATION INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>Oral Argument Requested |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................. 1

II. ARGUMENT ........................................................................................................ 2

    A.    Plaintiff's Phone Call with Education Advisors Definitively Demonstrates There Is No Agency Relationship Between GCE and Education Advisors. ........................................................................... 2

        1.    The Recording of Plaintiff's Phone Call with Education Advisors Is Incorporated by Reference into the Amended Complaint. ............................................................................................. 2

        2.    The Recording of Plaintiff's Phone Call with Education Advisors Disproves Plaintiff's Actual Agency Argument. .......... 5

    B.    The District of Arizona Correctly Held in *Winters v. Quicken Loans* That a Plaintiff Cannot Establish Actual Authority Solely on the Basis of Made-Up Contractual Terms, As Plaintiff Attempts to Do Here. ................................................................................ 7

    C.    Plaintiff Does Not Plausibly Allege That Education Advisors Had Apparent Authority to Place the Calls at Issue. ............................... 9

    D.    Plaintiff Fails to Plausibly Allege that GCE Ratified Education Advisors Conduct. ................................................................................ 10

III. CONCLUSION ................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*Abante Rooter & Plumbing v. Farmers Grp., Inc.*, 2018 U.S. Dist. LEXIS 2414 (N.D. Cal. Jan. 4, 2018)..................................................................................................8, 9

*Coto Settlement v. Eisenberg*, 593 F.3d 1031 (9th Cir. 2010) ..................................................2

*Fenje v. Feld*, 301 F.Supp.2d 781 (N.D. Ill. 2003) ....................................................................5

*Goodell v. BH Auto., LLC*, 2023 U.S. Dist. LEXIS 54131 (D. Ariz. Mar. 29, 2023).........8, 10

*Harlow v. Chaffey Cmty. Coll. Dist.*, 2022 U.S. App. LEXIS 25357 (9th Cir. Sep. 6, 2022) ..4

*Jones v. Mutal of Omaha Ins. Co.*, 639 F. Supp. 3d 537 (D. Md. 2022)....................................9

*Jones v. Royal Admin. Servs.*, 887 F.3d 443 (9th Cir. 2018).............................................5, 6, 7

*Las Vegas Sands, Ltd. Liab. Co. v. Nehme*, 632 F.3d 526 (9th Cir. 2011)................................4

*Naiman v. TranzVia LLC*, 2017 U.S. Dist. LEXIS 199131 (N.D. Cal. Dec. 4, 2017)..............8

*Orr v. Bank of Am.*, 285 F.3d 764 (9th Cir. 2002).....................................................................4

*Rogers v. Postmates Inc.*, 2020 U.S. Dist. LEXIS 121831 (N.D. Cal. July 9, 2020) ...........8, 9

*Rural Ariz. Maint. Specialists LLC v. Am. Bonanza Gold Corp.*, 2015 U.S. Dist. LEXIS 196262 (D. Ariz. May 5, 2015) .............................................................................3, 4, 5

*Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079 (C.D. Cal. 2012).....................................10

*Trenz v. Sirius XM Radio, Inc.,* 2015 U.S. Dist. LEXIS 180811 (S.D. Cal. July 13, 2015) ...10

*United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003) ............................................................3

*Winters v. Grand Caribbean Cruises Inc.*, 2021 U.S. Dist. LEXIS 158176 (D. Ariz. Aug. 20, 2021) ........................................................................................................................8

*Winters v. Quicken Loans Inc.*, 2021 U.S. Dist. LEXIS 209695 (D. Ariz. Oct. 29, 2021).......8

**Rules**

Fed. R. Civ. P. 56(c)(2) .............................................................................................................4

Fed. R. Evid. 803(6) .................................................................................................................4

Fed. R. Evid. 901(a)..................................................................................................................4

Fed. R. Evid. 901(b)(4)................................................................................................................4

iii
DEFENDANT GRAND CANYON EDUCATION INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

## I. INTRODUCTION

Plaintiff Meredith Evans' ("Plaintiff") Opposition to Grand Canyon Education's ("GCE") Motion to Dismiss only confirms what GCE already established in its Motion—neither Ninth Circuit law nor the alleged facts of this case support Plaintiff's claim under the Telephone Consumer Protection Act ("TCPA"). To conceal her failure to state a claim, Plaintiff takes the Court on a meandering detour to obfuscate the weaknesses of her claims. Moreover, Plaintiff advances numerous red-herring arguments that misconstrue the applicable legal standards and invites the Court to make inference after implausible inference. But the law is clear. GCE cannot be held liable for the calls Plaintiff claims violated the TCPA under any theory of vicarious liability.

*First*, Plaintiff fails to plausibly allege that Education Advisors had actual authority to place the allegedly violative calls. This is particularly evident given the recording of the full conversation between Plaintiff and Education Advisors, which reveals that Education Advisors was pitching multiple companies' services at the time of the allegedly violative calls. Consequently, GCE could not have had sufficient control over Education Advisors at the time *Education Advisors* called Plaintiff to establish actual authority. As the call recording is incorporated by reference into the Amended Complaint—and does not need to meet the authentication standards Plaintiff proposes contrary to established evidentiary rules—this Court should consider it in ruling on GCE's Motion.

*Second*, Plaintiff's argument that Education Advisors had apparent authority to place the calls at issue because it obtained consent for *GCE* to call Plaintiff is legally unsound. Plaintiff fails to supply any legal reasoning that demonstrates how a commonplace commercial relationship like the one GCE has with Education Advisors—and countless companies have with their lead generators—could rise to the level of apparent authority. It does not.

*Finally*, Plaintiff fails to plausibly allege that GCE ratified Education Advisors' conduct in placing the calls at issue. Plaintiff's single argument in opposition rests on the fact that GCE obtained some commercial benefit from its relationship with Education Advisors. But

1

DEFENDANT GRAND CANYON EDUCATION INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

courts consistently agree that allegations of commercial benefit alone are not sufficient to establish ratification.

For these reasons, and as further outlined below, the Court must dismiss Plaintiff's Amended Complaint against GCE in its entirety.

## II. ARGUMENT

### A. Plaintiff's Phone Call with Education Advisors Definitively Demonstrates There Is No Agency Relationship Between GCE and Education Advisors.

#### 1. The Recording of Plaintiff's Phone Call with Education Advisors Is Incorporated by Reference into the Amended Complaint and Properly Before the Court.

This Court may properly consider the February 14 call recording in considering GCE's Motion to Dismiss without converting the motion into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). That Plaintiff did not attach the recording or transcript of the call to her Amended Complaint, Opp. at 6, is inapposite. *Id*. This Court may consider "documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

The Amended Complaint indisputably and necessarily relies on the record of Plaintiff's conversation with Education Advisors. Plaintiff makes multiple factual allegations regarding the February 14, 2024 call recording and its contents, including that:

- A GCE paralegal "provided a recording of the call." Am. Compl. ¶ 35.
- "[A] review of those recordings would show and disclose . . . the illegal nature of Education Advisor's [sic] calling conduct." *Id*. ¶¶ 37.
- GCE had control over Education Advisors because GCE had access to the call recording. *Id*. ¶¶ 52–54.
- Education Advisors worked "exclusively" for GCE due to the "representations"

2

Education Advisors made during the call. *Id*. ¶¶ 7, 29–31.

- "[T]his call shows that Grand Canyon ratified Education Advisors' conduct by accepting the lead." *Id*. ¶¶ 33, 67.

Indeed, Plaintiff's objection to incorporation of the February 14 call recording is belied by her continued reliance on this evidence in her own Opposition. *See* Opp. at 10 (referring to the February 14 call as "smoking gun evidence that the Education Advisors telemarketer tried to sell Grand Canyon education"). Accordingly, the February 14 call recording is incorporated by reference into the Amended Complaint, and this Court may treat the recording "as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Plaintiff's remaining objections to incorporation of the February 14 call recording are in bad faith and should be disregarded. Plaintiff attempts in vain to manufacture a dispute regarding the authenticity of the February 14 call recording—a recording that Plaintiff admits she is in possession of, Am. Compl. ¶ 35, and on which her Amended Complaint and Opposition rely—by imposing an evidentiary standard that GCE does not have to meet. *See* Opp. at 6–7. GCE does not have to identify a custodian of records who can testify as to their own personal knowledge of the recording, provide a certificate of authenticity, or meet any of the other requirements Plaintiff demands based on outdated case law. As this Court has previously observed, the Federal Rules "require[] only that the evidence offered in support of the moving party's factual positions *would* be admissible at trial, not that it presently *be* admissible."[1] *Rural Ariz. Maint. Specialists LLC v. Am. Bonanza Gold Corp.*, 2015 U.S. Dist.

---

[1] This is true even at the summary judgment stage. The Ninth Circuit has clarified that as of

LEXIS 196262, at *7 (D. Ariz. May 5, 2015) (Snow, C.J.) (emphasis in original). And that is certainly the case here. Not only can the recording be duly authenticated according to the standards of the Federal Rules by a proper custodian, but any hearsay statements indisputably fall within Federal Rule of Evidence 803's exception to hearsay for records of a regularly conducted business activity. Fed. R. Evid. 803(6). There are no legal barriers to this Court's consideration of the February 14 recording as incorporated in Plaintiff's Amended Complaint.[2]

Even if authentication were required here, Plaintiff's objection is in bad faith. As this Court has concluded, where a party fails to properly authenticate a document, "the opposing party is not acting in good faith in raising such an objection if the party nevertheless knows that the document is authentic." *Rural Ariz. Maint. Specialists*, 2015 U.S. Dist. LEXIS 196262,

---

2010, when Federal Rule of Civil Procedure 56 was amended, "[c]ourts *must now consider unauthenticated evidence* at summary judgment if the evidence can 'be presented in a *form* that would be admissible' at trial." *Harlow v. Chaffey Cmty. Coll. Dist.*, 2022 U.S. App. LEXIS 25357, at *3 (9th Cir. Sep. 6, 2022) (first emphasis added) (quoting Fed. R. Civ. P. 56(c)(2)). Plaintiff attempts to hold GCE to an evidentiary standard at this juncture that is even more stringent than the standard applied at summary judgment.

[2] Even if authentication were necessary here, the requirements that Plaintiff demands are overreaching. As the Ninth Circuit has clarified, "[w]here documents are otherwise submitted to the court, and where personal knowledge is *not* relied upon to authenticate the document, the district court must consider alternative means of authentication under Federal Rules of Evidence 901(b)(4)." *Las Vegas Sands, Ltd. Liab. Co. v. Nehme*, 632 F.3d 526, 533 (9th Cir. 2011) (emphasis in original). Under that rule, "documents . . . could be authenticated by review of their contents if they appear to be sufficiently genuine." *Id.* (quoting *Orr v. Bank of Am.*, 285 F.3d 764, 777 n.24 (9th Cir. 2002)). That is, "[t]o satisfy the requirement of authenticating or identifying an item of evidence," the Court may examine "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Fed. R. Evid. 901(b)(4). Even a cursory review of the call recording will immediately reveal that it is "what the proponent claims it is," *i.e.*, a truthful and accurate recording of the February 14, 2024 conversation between Plaintiff and Education Advisors that forms the basis of her Amended Complaint. Fed. R. Evid. 901(a).

at *8 (Snow, C.J.) (quoting *Fenje v. Feld*, 301 F.Supp.2d 781, 789 (N.D. Ill. 2003)). Plaintiff has a copy of the recording (which contains her own voice) and participated in the conversation. Accordingly, she (and her counsel) knows the recording is authentic, and thus, her objection is in bad faith.

Plaintiff attempts to obfuscate the applicable legal standards to improperly prevent this Court from considering evidence that she herself introduced, to GCE's detriment. This Court should reject Plaintiff's bad-faith arguments, consider the February 14 call recording as incorporated by reference into Plaintiff's Amended Complaint, and rule on GCE's Motion to Dismiss accordingly.

### 2. The Recording of Plaintiff's Phone Call with Education Advisors Disproves Plaintiff's Actual Agency Argument.

As the February 14 call recording demonstrates, this case falls squarely within the facts set out in the Ninth Circuit's opinion in *Jones v. Royal Admin. Servs.*, where the court rejected the plaintiff's vicarious liability argument because it found there was no actual authority to place the calls at issue. *Jones v. Royal Admin. Servs.*, 887 F.3d 443 (9th Cir. 2018). This Court should apply the *Jones* Court's reasoning here and reject Plaintiff's actual agency argument.

First, Plaintiff's argument that Education Advisors could theoretically have been an agent to more than one principal is a red herring. GCE does not dispute that a telemarketer could be an agent to more than one principal. *See* Mot. at 7. Here, however, Plaintiff has not pleaded specific allegations that would demonstrate that GCE had sufficient control over Education Advisors' operations to establish *actual authority* to place the allegedly violative calls. As the Ninth Circuit held, Plaintiff "must do more than establish an agency

5

relationship," she must also "establish actual authority to place the unlawful calls." *Jones*, 887 F.3d at 449 (assuming for the sake of argument that telemarketer was defendant's agent before finding there was no actual authority to place the calls at issue). Even assuming Education Advisors was GCE's agent under the multiple-principal theory, Plaintiff still fails to plausibly allege that Education Advisors had actual authority to place the calls at issue. *Id*. at 449–53. On this issue, this Court need not look beyond the Ninth's Circuit's instruction in *Jones* (which Plaintiff does not dispute is dispositive here).

In an attempt to avoid the inevitable, Plaintiff misreads the Ninth Circuit's ruling in *Jones* at various points.[3] Nevertheless, both parties agree with one of the key (and dispositive) findings of the case—that "the telemarketer must *first* pitch a Defendant's product in order for that Defendant to be liable for calls based on a vicarious liability theory." Opp. at 9 (citing *Jones*, 887 F.3d at 451). As Plaintiff admits, then, GCE could not have had the requisite control over Education Advisors to establish vicarious liability until *after* it specifically pitched GCE's educational services. *See id*. Of course, the only call at issue occurred *before* Education Advisors pitched GCE's services. Plaintiff thus fails to establish actual authority for the call she alleges violated the TCPA.

Nothing about Education Advisors' call *after* it pitched GCE's services establishes

---

[3] For example, Plaintiff's assertion that the *Jones* holding is one "that supports the Plaintiff here," Opp. at 10, strains credulity when the Ninth Circuit affirmed the district court's grant of summary judgment for defendant and ultimately held that the "telemarketers did not have actual authority to place the unlawful calls, and [defendant] exercised insufficient control over the manner and means of the work to establish vicarious liability under the asserted theory." *Jones*, 887 F.3d at 453. That Plaintiff would so assert evinces a deep misunderstanding of this case and the law on this issue.

actual authority either. Plaintiff misconstrues the *Jones* opinion in arguing that because Education Advisors ultimately pitched GCE's services, GCE "can be said to have controlled the 'scripts and materials the telemarketer was permitted to use.'" Opp. at 10 (quoting *Jones*, 887 F.3d at 451). The *Jones* Court did not hold that once a telemarketer pitches a specific company's products, the company somehow has retroactive control of the "scripts and materials" the telemarketer used. *Jones*, 887 F.3d at 451. The *Jones* Court merely observed that one factor negating a finding of actual authority was the fact that the telemarketer was not required to use the seller's scripts and materials because the telemarketer did not pitch the seller's products during the call. That factor is not at issue in this case, and in any event, Plaintiff here has not alleged that Education Advisors was ever required to use specific scripts or materials approved by GCE when pitching GCE's services. *See generally* Am. Compl.; *see also id.* ¶¶ 49–54.

Ultimately, the Ninth Circuit's ruling in *Jones* makes clear that in circumstances such as these, where a telemarketer is "its own independent business that sold [products] for multiple companies without the direct supervision" of the purported principal, a telemarketer is "not subject to the requisite level of control" to "establish vicarious liability under a 'manner and means' control theory." *Jones*, 887 F.3d 453. This precedent requires dismissal of Plaintiff's claims here.

      **B.**    **The District of Arizona Correctly Held in *Winters v. Quicken Loans* That a Plaintiff Cannot Establish Agency Solely on the Basis of Made-Up Contractual Terms, As Plaintiff Attempts to Do Here.**

Despite Plaintiff's attempt to malign this Court's analysis, *Winters v. Quicken Loans* was correctly decided. Specifically, the Court correctly held that the plaintiff "ha[d] not

adequately pleaded an agency relationship between the Telemarketing Agent and Quicken Loans because it relie[d] on conclusory allegations." *Winters v. Quicken Loans Inc.*, 2021 U.S. Dist. LEXIS 209695, at *12 (D. Ariz. Oct. 29, 2021). This holding is not anomalous, as Plaintiff would have this Court believe. Instead, courts in the Ninth Circuit have repeatedly concluded that simply alleging the existence of *some* contractual relationship between the defendant and purported agent, as Plaintiff does here, does not rise to the level of control sufficient to establish agency. *See, e.g.*, *Goodell v. BH Auto., LLC*, 2023 U.S. Dist. LEXIS 54131, at *9–14 (D. Ariz. Mar. 29, 2023) (finding allegations that defendant facilitated and accessed telemarketing agent's "customer-relationship management" system and provided "detailed instructions, analysis, benchmarks, and training pertaining to telemarketing" insufficient to establish agency); *Winters v. Grand Caribbean Cruises Inc.*, 2021 U.S. Dist. LEXIS 158176, at *5, 14–16 (D. Ariz. Aug. 20, 2021) (finding allegations that defendant "maintained the right to substantially control" the telemarketer's actions, had the right to unilaterally terminate the contract with telemarketing agent, and did not take steps to cease telemarketing agent from making calls in violation of TCPA did not establish agency relationship); *see also, e.g.*, *Rogers v. Postmates Inc.*, 2020 U.S. Dist. LEXIS 121831, at *9–13 (N.D. Cal. July 9, 2020); *Abante Rooter & Plumbing v. Farmers Grp., Inc.*, 2018 U.S. Dist. LEXIS 2414, at *11–13 (N.D. Cal. Jan. 4, 2018); *Naiman v. TranzVia LLC*, 2017 U.S. Dist. LEXIS 199131, at *8–10, 17–18 (N.D. Cal. Dec. 4, 2017). Plaintiff's misguided reliance on a single out-of-circuit case analyzing Fourth Circuit law (despite claiming the *Winters* holding was "contradicted by *numerous* sister courts") is outweighed by the consistent rejection of allegations like Plaintiff's under well-established Ninth Circuit law. Opp. at 16–17 (emphasis

added) (quoting *Jones v. Mutal of Omaha Ins. Co.*, 639 F. Supp. 3d 537, 550–53 (D. Md. 2022)).

Plaintiff nonetheless believes that she need only make conclusory allegations regarding GCE's control over Education Advisors to meet her minimum pleading obligations under Rule 8. That is not the case. "While plaintiff is entitled to all reasonable inferences, the court is neither required to nor allowed to layer inference upon inference to make plaintiff's claim for [her]." *Abante Rooter*, 2018 U.S. Dist. LEXIS 2414, at *13. Rather than plead specific facts supporting actual authority (because there are no such facts), Plaintiff asks this Court to make inferential leaps based on nonspecific allegations describing an ordinary commercial relationship. Plaintiff argues that it is sufficient to allege that GCE merely had access to call recordings and provided criteria for leads it would accept. It is not sufficient, however, to allege that GCE "exercised some degree of control" over some aspect of Education Advisors' work; Plaintiff "must also allege facts showing that the defendant had the right to control 'the manner and means of the calls [] made.'" *Rogers*, 2020 U.S. Dist. LEXIS 121831, at *13–14. Plaintiff has fallen far short from meeting this threshold pleading requirement. Accordingly, she fails to establish an agency relationship.

### C. Plaintiff Does Not Plausibly Allege That Education Advisors Had Apparent Authority to Place the Calls at Issue.

Plaintiff's apparent authority argument misses the mark and fails to identify any plausible allegations that would support apparent authority. Notably, Plaintiff does not identify any manifestations by GCE that would lead a reasonable person to believe that GCE authorized Education Advisors to make calls in violation of the TCPA. Instead, Plaintiff relies merely on assumption and innuendo. Plaintiff argues that because Education Advisors

(1) was hired as a lead generator to generate leads for GCE and (2) transferred a lead to GCE after obtaining necessary consent for GCE to call Plaintiff, GCE should be vicariously liable for any alleged failure of Education Advisors to obtain necessary consent for *Education Advisors' calls*. Opp. at 19–20 (citing Am. Compl. ¶¶ 35–39). That is not at all how the TCPA or agency law work. Plaintiff's melodramatic retelling of a common contractual relationship does not rise to the level of apparent authority. This Court should reject this argument, too.

### D. Plaintiff Fails to Plausibly Allege that GCE Ratified Education Advisors Conduct.

Plaintiff's argument that GCE accepted the benefit of Education Advisors' lead generation and is thus liable for any alleged violations of the TCPA is unavailing. It is well established that allegations that a TCPA defendant "benefitted" from a telemarketing call is not enough on its own to establish ratification. *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012) ("[Plaintiff] argues that . . . a party can be held liable if a call or text message is made on its 'behalf,' that is, if a party receives benefit from the text message. The Court disagrees."); *see also Trenz v. Sirius XM Radio, Inc.,* 2015 U.S. Dist. LEXIS 180811, at *6 (S.D. Cal. July 13, 2015) ("An allegation of a beneficial contractual relationship alone is insufficient to establish agency."). Plaintiff must also show (1) that Education Advisors was GCE's agent (it was not), and (2) that GCE knew that Education Advisors was "placing calls on [its] behalf in violation of the TCPA" or "'had knowledge of facts that would have led a reasonable person to investigate' whether such violations of the TCPA were occurring." *Goodell*, 2023 U.S. Dist. LEXIS 54131, at *18. Plaintiff does not allege that GCE knew or had reason to know of Education Advisors' allegedly violative calls

at the time it transferred the lead. *See* Am. Compl. ¶¶ 33, 40, 57, 65–67. This omission is fatal to her ratification argument.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint should be dismissed in its entirety.

Dated: July 1, 2024

Respectfully submitted,

**ALSTON & BIRD LLP**

/s/ *Derin B. Dickerson*
Derin B. Dickerson, GA Bar #220620*
Grace Assaye, NY Bar #5855945*
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA  30309-3424

*Admitted *pro hac vice*

*Attorneys for Defendant*
*Grand Canyon Education Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2024, I caused a copy of **DEFENDANT GRAND CANYON EDUCATION INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT** to be served upon the following counsel via the Court's CM/ECF system:

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: 508-221-1510
anthony@paronichlaw.com

Andrew Roman Perrong
Perrong Law LLC
2657 Mount Carmel Ave.
Glenside, PA 19038
215-225-5529
Fax: 888-329-0305
Email: a@perronglaw.com

Attorneys for Plaintiff

DATED: July 1, 2024        */s/ Derin B. Dickerson*
                            Derin B. Dickerson